UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:23-cr-7-MOC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| AARON JOSEPH WEHRSTEIN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on Defendant's Motion to Suppress. (Doc. No. 13). The Government has filed a brief in opposition. (Doc. No. 18). The Court held a hearing on the motion on June 6, 2023. For the following reasons, the motion is **DENIED**.

## FINDINGS AND CONCLUSIONS

### I.  BACKGROUND

In the summer of 2022, Officers of the Polk County Sherriff's office learned that someone at a home at 576 W. Melvin Hill Road in Columbus, North Carolina, had distributed child pornography using the internet platform Discord. Discord is a communication platform that allows users to communicate by text message, voice or video calls, and file sharing. It is commonly used by video game players as well as other communities of common interests. Discord is available on desktop computers and mobile devices.

The platform reported through the National Center for Missing and Exploited Children's CyberTipline that a user with the screenname JessicaLovesYou#1816 had uploaded an image of an adult female performing oral sex on a five- to seven-year-old male child. The source of the upload was a device using an internet-protocol address supplied by a Windstream

1

Communications account held by Wehrstein's father. The account was for internet services for the residence owned by Wehrstein's father at the Melvin Hill Road address. This CyberTipline Report was assigned to the Polk County Sheriff's Office for further investigation.

Detective Lieutenant John C. Edwards reviewed the CyberTipline Report and accompanying information and secured a state search warrant for the content of the JessicaLovesYou#1816 Discord account. This search warrant revealed direct message conversations between JessicaLovesYou#1816 and other Discord users wherein JessicaLovesYou#1816 solicited sexually explicit images from users claiming to be under 18 years old.

Based on the information from the Cyber Tipline Report and the Discord messages, Detective Edwards obtained a search warrant for the premises and residence of Melvin Hill Road. The search warrant provided the address of the residence, directions to the house, an aerial image of the house and surrounding property, and biological information about Richard Wehrstein, the homeowner and Defendant Aaron Wehrstein's father. The search warrant identified several things to be seized, including phones, media devices, and other electronic equipment:

> "…any and all evidence that may relate to the investigation."
> "Cell Phones, Computers, computer software and applications, computer hardware, computer networking devices . . . computer data storage devices . . . and other types of storage devices and media available for use with computers."
> "Any and all items of personal property to include but not limited to: . . . cellular phones . . . other items of personal property that shows written, electronic or telephonic communication concerning the crime."
> "Any and all electronic equipment located on the property belonging to Richard Wehrstein, at 576 W Melvin Hill Rd. Columbus NC 28722 . . ."

(Mot. to Dismiss, Def. Ex. 1). North Carolina Magistrate Judge Felicia Lanford signed the search warrant.

Deputies executed the search warrant and learned that Defendant Aaron Wehrstein resided in the Melvin Hill Road home along with his parents. Wehrstein's parents, who were present during the execution of the search warrant, showed Sherriff's deputies Wehrstein's bedroom. Wehrstein's father informed officers that his son played a lot of video games and knows how the Internet works. Deputies noticed a PlayStation gaming console connected to the television in Wehrstein's room. They could see the PlayStation homepage displayed on a television screen, and the video game "Apex" was visible. Deputies recalled from information provided by Discord that JessicaLovesYou#1816 had referenced "Apex" in several Discord messages.

Officers seized electronic items from several parts of the home, including from Wehrstein's bedroom. Wehrstein's parents told officers that their son was at work, and that he would have his cellphone with him. Sherriff's deputies met Wehrstein at work to speak with him about the investigation. Based on the information provided by Wehrstein's father that Wehrstein had a cellphone that was not in the house at the time of the execution of the search warrant, together with their knowledge that Discord can be used as an application on mobile devices, the officers seized Wehrstein's Samsung Galaxy A12 cellphone from his vehicle at his place of work pursuant to a second search warrant signed by North Carolina Superior Court Judge J. Thomas Davis.

Deputies obtained a separate search warrant to search Wehrstein's cellphone a few days later. Officers found 21 images depicting child pornography on Wehrstein's Samsung cellphone.

The case was subsequently referred to Homeland Security Investigations for additional investigation. Homeland Security special agents secured and executed a federal search warrant on the electronic devices seized from Wehrstein's bedroom, including a Lenovo laptop computer, a Dell laptop computer, and a PlayStation video game console. They found images of child pornography on Wehrstein's Dell laptop.

Homeland Security also reviewed the extraction performed by Polk County on Wehrstein's cellphone and discovered screenshots from Wehrstein's Twitter account of conversations indicative of child exploitation activities. A preservation request was issued to Twitter, which in turn suspended Wehrstein's Twitter account and generated a second CyberTipline Report, which included a zip file of content from the account. Pursuant to a federal search warrant, Homeland Security searched the zip file from Wehrstein's Twitter account. Images and videos depicting child pornography were discovered in that zip file.

## II. DISCUSSION

In his motion to suppress, Defendant contend that his Fourth Amendment rights were violated because authorities exceed the scope of the search warrant when they searched Wehrstein's bedroom. The Court disagrees. To be lawful under the Fourth Amendment, a nonconsensual search of a home by law enforcement ordinarily requires a warrant. Fernandez v. California, 571 U.S. 292, 298 (2014). The Fourth Amendment provides the protection that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. Probable cause requires only "the kind of fair probability on which reasonable and prudent people, not legal technicians" rely on. Florida v. Harris, 568 U.S. 237, 244 (2013). The scope of a warrant complies with the Fourth Amendment if there is "a fair probability that contraband or

evidence of a crime will be found in [the] particular place" specified in the warrant. Illinois v. Gates, 462 U.S. 213, 238 (1983); Steele v. United States, 267 U.S. 498, 503 (1925). See also United States v. Owens, 848 F.2d 462, 463 (4th Cir. 1988).

Here, the warrant authorizing police to search Wehrstein's home complied with the Fourth Amendment's particularity requirement. It particularly described the place to be searched, and it particularly described the things to be seized. The warrant deputies executed when searching Wehrstein's bedroom provided ample detail and information to identify Wehrstein's residence. The warrant included step-by-step directions from the sheriff's office to the front door of the house and provided an aerial picture of the premises of the house from the Polk County Geographic Information System. The warrant covered the entire "premises and residence" of 576 W. Melvin Hill Road, including "[a]ny and all vehicles" and "all outbuildings or enclosures located within the curtilage of the premises" owned by Wehrstein's father and where Wehrstein himself resided.

The warrant also listed in detail different types of electronic devices, documentary evidence, cellular phones, usernames, and passwords, and "any and all electronic equipment" located on the real property (i.e., the premises and residence of 576 W. Melvin Hill Road) that Richard Wehrstein owned. The search warrant leaves no doubt as to what law enforcement sought to seize and from where.

Moreover, contrary to what Wehrstein suggests, the officers did not exceed the scope of the warrant when they searched Wehrstein's bedroom located in the house. The search warrant expressly authorized a search of the entire house — "the premises and residence of 576 W. Melvin Hill Rd., Columbus, NC." (Mot. to Dismiss, Def. Ex. 1). And "[t]he geographical scope of a warrant complies with the Fourth Amendment if, in light of 'common-sense conclusions

about human behavior,' there is a 'fair probability that contraband or evidence of a crime' will be found in the areas delineated by the warrant." United States v. Jones, 952, F.3d 153, 158–59 (4th Cir. 2020) (quoting Dist. of Columbia v. Wesby, 138 S. Ct. 577, 587 (4th Cir. 2020), and Illinois v. Gates, 462 U.S. 213, 238 (1983)). "Common sense indicates" a "fair probability" that electronic devices and other evidence and contraband the warrant described would be found in Wehrstein's bedroom. Id. Phones, computers, software, tablets, modems, and untold numbers of other electronic devices are now small enough to fit in a dresser drawer or under a bed.

Even if this Court found fault with the search, the exclusionary rule would not be an appropriate remedy because the officers acted in objectively reasonable reliance on a warrant signed by a judicial officer. United States v. Leon, 468 U.S. 897, 922 (1984). The warrant was valid and, on its face, authorized a search of the entirety of the Melvin Hill Road residence. A "reasonably well-trained officer" would not "have known that the search" of Wehrstein's bedroom in that residence "was illegal despite the magistrate's authorization." United States v. Perez, 393 F.3d 457, 460–61 (4th Cir. 2004). The exclusionary rule, therefore, does not apply to any alleged errors in the search about which Wehrstein complains.

Moreover, even if this Court were to find that police officers searched Wehrstein's bedroom unlawfully and that evidence seized during that search should be excluded, no basis would exist for suppressing evidence of child pornography on Wehrstein's cellphone or Twitter account, all of which was obtained by separate valid search warrants signed and issued by an impartial magistrate. If officers had illegally searched Wehrstein's bedroom and the exclusionary rule applied at all, it would apply only to evidence that "has been come at by exploitation of that illegality." Wong Sun v. United States, 371 U.S. 471, 488 (1963). The evidence that officers seized and searched from Wehrstein's cellphone and Twitter account were not "come at by

exploitation" of what they found in Wehrstein's bedroom. Id. Instead, the search warrants authorizing the seizure and search of Wehrstein's cellphone were based on probable cause that existed before the search of the Melvin Hill Road residence, such as IP address information, Discord communications involving JessicaLovesYou#1816, and the image of child pornography distributed by JessicaLovesYou#1816, together with observations of deputies and statements made by Wehrstein's father during the execution of that search warrant. Such basis for these search warrants do not amount to an "exploitation of illegality" nor "come by through exploitation"; thus, suppression is not appropriate.

For all the reasons stated herein, the motion to suppress is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Suppress, (Doc. No. 13), is **DENIED**.

Signed: June 9, 2023

Max O. Cogburn Jr
United States District Judge